Filed 9/15/15 and certified for publication as modified 10/5/15.

CERTIFIED FOR PUBLICATION

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| 511 S. PARK VIEW, INC., | ) | No. BV 031134 |
| Plaintiff and Appellant, | ) ) | Central Trial Court |
| v. | ) ) | No. 14U07420 |
| MARIA TSANTIS et al., | ) ) ) | |
| Defendants and Respondents. | ) ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary Ann Murphy, Judge. Reversed.

Karen Nakon of the Law Offices of Kevin B. Jones, for Plaintiff and Appellant 511 S. Park View, Inc.

Ave Buchwald of the Blumberg Law Corporation, for Defendants and Respondents Maria Tsantis and Michael Iorio.

\* \* \*

INTRODUCTION

Plaintiff 511 S. Park View, Inc. appeals from an order awarding $12,375 in attorney fees to defendants Maria Tsantis and Michael Iorio following an unlawful detainer court trial. Plaintiff contends the award of attorney fees was limited by the

express terms of the parties' lease agreement, and therefore the trial court erred in awarding an amount in excess of $750. We conclude that the court's ruling was in error and reverse the attorney fees order.

## BACKGROUND

Plaintiff filed an unlawful detainer complaint against defendants alleging failure to comply with a three-day notice to pay rent or quit. The complaint requested possession of the premises, past due rent of $1,050, holdover damages, forfeiture of the lease agreement, costs, and reasonable attorney fees. In response, defendants filed an answer, in which they also requested reasonable attorney fees.

Following a court trial wherein judgment was rendered in defendants' favor, defendants filed a motion for attorney fees as the prevailing parties. The motion argued defendants were entitled to recover $12,375 in attorney fees pursuant to Civil Code section 1717 and the attorney fees clause in the parties' lease agreement, and that the provision in the lease limiting the recovery of fees to $750 was void and unenforceable. Plaintiff filed an opposition, arguing there was no right to recover attorney fees in excess of $750 because attorney fee provisions in lease agreements, like all other contractual provisions, are enforced according to their terms. The trial court granted the motion for fees in its entirety, finding that "the $750.00 limitation on attorney fees in the lease is void and unenforceable."

## DISCUSSION

"A request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence. [Citations.]" (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 577.) Because the appeal centers on the attorney fees provision contained in the lease agreement, and neither party offered extrinsic evidence to aid in interpreting the contract, we turn immediately to the contract itself, which we interpret de novo. (See *Hemphill v. Wright*

2

*Family LLC* (2015) 234 Cal.App.4th 911, 914; *Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 389-390.)[1]

An attorney fees provision in a contract is interpreted under ordinary contract principles. (*Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743; see *Santisas v. Goodin* (1999) 17 Cal.4th 599, 608.) "'The Supreme Court has synthesized the applicable contract interpretation principles in the attorney fee clause context thusly: "'Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. [Citation.] Such intent is to be inferred, if possible, solely from the written provisions of the contract. [Citation.] The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" [citation], controls judicial interpretation. [Citation.] Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning. [Citations.]' [Citation.]"' [Citations.]" (*Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 929; *Santisas v. Goodin*, *supra*, 17 Cal.4th at p. 608; Civ. Code, §§ 1636, 1638, 1639.) "'Courts will not strain to create an ambiguity where none exists. [Citation.]' [Citation.] "'If contractual language is clear and explicit, it governs." [Citations.]' [Citation.]" (*U.S. Bank National Association v. Yashouafar* (2014) 232 Cal.App.4th 639, 646.)

The attorney fees provision in the case *sub judice* states: "In any legal action brought by either party to enforce the terms of this LEASE, the prevailing party shall be entitled to all costs, reasonably incurred in connection with that action, limited to no

---

[1]Defendants contend plaintiff failed to provide an adequate record for appellate review. We determine that plaintiff was not required to provide a reporter's transcript of the argument before the trial court because we decide a pure legal issue based on the filings before the trial court (*Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699), and there is no indication that a party took a position at the argument different from that taken in the documents relating to the motion for attorney fees filed in the trial court.

more than five hundred dollars ($500.00).  In addition, the prevailing party is entitled to reasonable attorney fees, limited to no more than seven hundred fifty dollars ($750.00)."

Defendants contend the cap on fees "cannot be reconciled" with the portion of the attorney fees clause that allows for "reasonable" attorney fees.  We find there is no conflict or ambiguity created by the two parts of the fees clause simply because reasonable fees are capped at $750.  A contract provision is considered ambiguous when it may be interpreted in two or more ways, both of which are reasonable.  (*TRB Investments, Inc. v. Fireman's Fund Ins. Co.* (2006) 40 Cal.4th 19, 27.)  Here, there is but one interpretation based on the plain meaning of the terms.  The attorney fees provision imposes two conditions on the recovery of fees—they must be reasonable *and* must be no more than $750.  The measure and mode of compensation of attorneys are left to the agreement of the parties (Code Civ. Proc., § 1021; see *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 130 [holding trial court was bound by provision of two promissory notes limiting award of fees]), and here the parties expressly agreed that in an action to enforce the lease agreement, the prevailing party would be entitled to no more than $750 in attorney fees.

There is nothing inconsistent or "unreasonable," as defendants claim, in capping "reasonable" fees at $750.  By expressly agreeing to do so, the parties recognized that even fees below the contractual limit can still be unreasonable, as determined by the trial court based on its review of the hourly rate, time expended, nature and difficulty of the case, or quality of the work by the attorney.  (See *Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1320-1321.)

Defendants also contend the cap is void because it impairs the trial court's power under Civil Code section 1717 to award "reasonable" attorney fees.  Civil Code section 1717 provides in part:  "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is

4

the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

The attorney fees clause does not contravene Civil Code section 1717. The reciprocal attorney fees statute was enacted to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions. (*In re Tobacco Cases I* (2011) 193 Cal.App.4th 1591, 1599; *Sessions Payroll Management, Inc. v. Noble Construction Co., Inc.* (2000) 84 Cal.App.4th 671, 678.) Civil Code section 1717's "effect is to make an otherwise unilateral right to attorney fees reciprocally binding upon all parties to actions to enforce the contract." (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1342 ["Because of its more limited scope, Civil Code section 1717 cannot be said to supersede or limit the broad right of parties pursuant to Code of Civil Procedure section 1021 to make attorney fees agreements"].) The bilaterality of the attorney fees provision in the instant case is in accord with the main purpose of Civil Code section 1717.

Moreover, there is ample case law which holds that parties to a contract may limit entitlement to fees. In *Kalai v. Gray* (2003) 109 Cal.App.4th 768, 777, the Court of Appeal held that the trial court erred in awarding attorney fees in a civil action because the parties' agreement specifically limited the award of fees to the prevailing party in arbitration. The Court of Appeal in *Leamon v. Krajkiewcz* (2003) 107 Cal.App.4th 424, 433 addressed whether a condition precedent to an award of attorney fees set forth in a standard residential form purchase agreement was invalid, and "conclude[d] that the enforcement of the condition precedent to the recovery of attorney fees does not conflict with the concept of mutuality of remedy" embodied in Civil Code section 1717. (See *Cullen v. Corwin* (2012) 206 Cal.App.4th 1074, 1079 [prevailing party who refused prelitigation mediation as a condition precedent under the parties' purchase agreement barred from recovering fees].)

5

Cases cited by defendants are inapposite because they do not concern contractual limitations on fees. For example, *Beverly Hills Properties v. Marcolino* (1990) 221 Cal.App.3d Supp. 7 addressed whether attorney fees are "incurred" for purposes of Civil Code section 1717 when pro bono counsel does not charge the prevailing party fees. In interpreting Civil Code section 1717, this court concluded that the statute did "not expressly require the prevailing party to incur legal expenses"; rather, fees are recoverable as long as they "are incurred," even if only by the attorney. In *PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, the California Supreme Court addressed whether an entity that is represented by in-house counsel may recover fees under Civil Code section 1717, and did not consider a contractual cap on fees.[2] In sum, the parties' attorney fees provision is not void, and the court abused its discretion in awarding attorney fees in excess of the contractual limit.

DISPOSITION

The order awarding $12,375 in attorney fees is reversed. Plaintiff to recover costs on appeal.

_____
Ricciardulli, J.

We concur:

_____
Kumar, Acting P. J.

_____
B. Johnson, J.

---

[2]Defendants assert that equitable considerations favor nonenforcement of the fee cap, namely because such caps purportedly discourage representation by private counsel and chill tenants' right to trial by jury. Because defendants cite no authority in support of a court's equitable powers not to enforce a contract in the present context, we do not address it. (See *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985.)