Filed 2/25/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DON R. HEMPHILL,<br><br>　　Plaintiff and Appellant,<br><br>　　v.<br><br>WRIGHT FAMILY, LLC et al.,<br><br>　　Defendants and Respondents. | D065462<br><br><br><br>(Super. Ct. No. 37-2012-00054705-CU-PO-NC) |

APPEAL from an order of the Superior Court of San Diego County, Robert P. Dahlquist, Judge. Reversed and remanded.

Skolnick Law Group, Suzanne C. Skolnick; Kohn Law Office and Russell S. Kohn for Plaintiff and Appellant.

Wolfe & Wyman, Gregg L. Vorwerck and David C. Olson for Defendants and Respondents.

In this action, we interpret an attorney fee provision in a lease agreement which allows the prevailing party in any action arising out of the homeowner's tenancy, the agreement, or the provisions of the Mobilehome Residency Law (Civ. Code, § 798 et

seq.) to recover reasonable expenses including attorney fees and costs. We conclude that a tenant's fall while walking across a common area lawn arose out of the homeowner's tenancy and entitled him to an award of attorney fees as the prevailing party in the action. Accordingly, we reverse the trial court's order denying a fee award and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Wright Family, LLC dba Roadrunner Club (Roadrunner Club) is about a 200 acre manufactured home park consisting of home sites, a golf course, common areas and a large "greenbelt" common area lawn. Don Hemphill purchased a home at the park and leased the space under a written lease agreement with Roadrunner Club. Roadrunner Club is required to maintain the common area lawns, which are open to residents 24 hours per day, seven days a week. While on the lawn area near his home, Hemphill stepped into a sunken and uncovered drainage hole causing him to fall and suffer serious injuries.

Hemphill sued Roadrunner Club alleging negligence and premises liability on the property in which Hemphill was a tenant under the lease agreement. After being instructed with CACI No. 1006 regarding a landlord's duty, a jury returned a special verdict in favor of Hemphill and awarded him damages of $311,899.67. Following trial, Hemphill moved for an award of attorney fees under his lease agreement with Roadrunner Club, which allows the prevailing party to recover fees if the action arose out of, among other things, the homeowner's tenancy. The trial court denied the motion. Hemphill timely appealed.

2

DISCUSSION

Hemphill argues the trial court erred in denying his attorney fees motion because the action arose out of his tenancy and the Mobilehome Residency Law. We conclude that the action arose out of Hemphill's tenancy. Accordingly, we need not address Hemphill's alternative argument that the action arose out of the Mobilehome Residency Law.

Generally, each party to litigation must bear its own attorney fees, unless otherwise provided by statute or contract. (Code Civ. Proc., § 1021, undesignated statutory references are to this code.) While section 1021 does not independently authorize recovery of attorney fees (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 607, fn. 4), "[i]f a contractual attorney fee provision is phrased broadly enough . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims." (*Id*. at p. 608.) We use traditional contract interpretation principles in assessing the extent of the parties' rights to recover attorney fees. (*Ibid.*) Where, as here, the parties do not present extrinsic evidence to interpret the attorney fee provision of a contract, we determine de novo whether the contractual attorney fee provision entitles the prevailing party to attorney fees. (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal. App. 4th 698, 705.)

Here, the Roadrunner Club lease agreement provides that in "any action aris[ing] out of the Homeowner's tenancy, this Agreement, or the provisions of the Mobilehome Residency Law, the prevailing party or parties shall be entitled to recover reasonable expenses, including without limitation" attorney fees and costs. The

3

attorney fee provision is written in the disjunctive and provides three independent bases upon which attorney fees may be awarded. Significantly, the term "[h]omeowner's tenancy" is not defined in the lease agreement. Roadrunner Club has not offered a definition of the term, nor has it offered examples of the type of actions arising out of a homeowner's tenancy. Moreover, as Hemphill notes, the lease agreement is a preprinted form with blanks on the face page and first page to input the date and tenant specific information. Accordingly, to the extent that an ambiguity exists, we interpret the language "most strongly against the party who caused the uncertainty to exist." (Civ. Code, § 1654.) On its face, the term "[h]omeowner's tenancy" is very broad.

The lease requires Roadrunner Club to maintain all physical improvements, including common area lawns, in good working order and condition "for the non-exclusive use of [h]omeowners." The lease agreement defines a resident as, among other things, "the person(s) signing th[e] [lease] as [h]omeowner." In contrast, an extra person is defined as, among other things, persons sharing the home site and invitees on the home site "at the invitation, request or tolerance of [h]omeowner." Additionally, until the prospective purchaser has been approved for tenancy and has closed escrow on the home occupying the home site, such person is deemed to be an "extra person" and not a "homeowner." Thus, the lease agreement clearly differentiates a homeowner with a tenancy relationship with the Roadrunner Club from all other individuals.

4

Hemphill was a homeowner and thus a tenant of the Roadrunner Club. The jury found that Hemphill suffered injuries while crossing a common area lawn as a result of Roadrunner Club's negligence. To make this determination, the court had instructed the jury with CACI No. 1006 regarding a landlord's duty of care. On these facts, we conclude the action here arose out of the homeowner's tenancy and the trial court erred in denying Hemphill's motion.

To avoid this result, Roadrunner Club argues the legal duty it breached was not created by the lease agreement. While this assertion is correct, it ignores that the attorney fee provision in the lease agreement contains three independent bases upon which attorney fees may be awarded. "Courts must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative or meaningless." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 473.) Roadrunner Club's interpretation of the attorney fee provision renders the term "[h]omeowner's tenancy" meaningless.

The order is reversed and the matter is remanded to the trial court for a determination of the reasonable amount of attorney fees and costs to be awarded against Roadrunner Club for trial and this appeal. (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 637 [attorney "fees, if recoverable at all—pursuant either to statute or parties' agreement—are available for services at trial and on appeal"]; *Lindelli v. Town of San Anselmo* (2006) 139 Cal.App.4th 1499, 1517 [determination of the amount of fees "is

5

a factual issue more properly considered in the first instance by the trial court on remand"].)

## DISPOSITION

The order is reversed. The matter is remanded for further proceedings consistent with this opinion. Appellant is awarded his costs on appeal.


McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.