Filed 12/1/15  Palacios v. Upside Investments CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALFREDO PALACIOS, | B257209 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. VC063654) |
| UPSIDE INVESTMENTS LP, | |
| Defendant and Respondent. | |

APPEAL from an judgment of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Affirmed and remanded.

Alfredo Palacios, in pro. per., for Plaintiff and Appellant.

Law Offices of Les Zieve, John C. Steele and Ryan K. Woodson for Defendant and Respondent.

Plaintiff and appellant Alfredo Palacios (Palacios) filed a lawsuit alleging defendant and respondent Upside Investments LP (Upside) wrongfully foreclosed on real property he owned in South Gate, California. Palacios's main contention is that Upside did not properly notify him of his loan default and the later foreclosure sale. The trial court sustained Upside's demurrer to Palacios's First Amended Complaint without leave to amend, finding among other things that Palacios had not sufficiently alleged prejudice even if notice was defective. We are asked to decide whether the trial court correctly sustained the demurrer, and whether Palacios has shown the complaint could be further amended to state a valid cause of action.

## I. BACKGROUND

### A. *Foreclosure on the Subject Property and Palacios's Bankruptcy Filings*

Palacios purchased real property at 5204 Chakemeo Street, South Gate, California (the Subject Property) in 1994. A commercial building on the Subject Property was the location of Palacios's business, Palacios Produce, Inc.

In February 2010, Palacios took out a $200,000 loan on the Subject Property, funded by Upside. Palacios executed a promissory note secured by a deed of trust, later recorded with the County of Los Angeles, that lists Upside as the beneficiary and Chicago Title as the trustee.

Approximately two years after Palacios obtained the loan, in early 2012, he defaulted on his obligation to make loan payments. Upside recorded a notice of default in February of that year and a notice of trustee sale three months later in May. The notice of trustee's sale set June 21, 2012, as the date on which the Subject Property would be sold.

The day before the foreclosure sale of the Subject Property was scheduled to take place, Palacios filed for Chapter 13 bankruptcy in Central District case number 12-31480. Palacios's bankruptcy filing stayed the impending trustee sale of the Subject Property.

2

Palacios failed to make payments to Upside under the plan the bankruptcy court established, and the bankruptcy court accordingly dismissed his action on May 3, 2013. Five days later, on May 8, Palacios again filed for bankruptcy in Central District case number 13-22100. The bankruptcy court dismissed that case as well.

Upside's agent, the Argus Group (Argus), thereafter recorded a new notice of sale that set November 14, 2013, as the sale date for the Subject Property. The Subject Property was in fact sold at auction on that date. Palacios nevertheless filed a third bankruptcy petition on November 19, 2013, in Central District case number 13-37331. The bankruptcy court denied his motion to impose a stay as to Upside.

B.     *The Trial Court Sustains Upside's Demurrer to Palacios's Complaint and Grants Leave to Amend*

On November 26, 2013, Palacios filed a verified complaint in Los Angeles County Superior Court against Upside and Argus that sought to void the foreclosure sale of the Subject Property and recover damages. The complaint alleged seven causes of action: (1) Recession under the Truth in Lending Act, Title 15, United States Code, section 1635; (2) Violation of Civil Code section 2924;[1] (3) Violation of Business and Professions Code section 17200 et seq., predicated on claimed violations of sections 1695, 2923.5, and 2924; (4) Declaratory Relief; (5) Injunctive Relief; (6) Cancellation of Deed; and (7) Quiet Title. The gist of Palacios's complaint was that Upside and Argus had failed to properly serve him with certain notices during the foreclosure process. Palacios specifically alleged he was never provided with any notice of default or notice of sale concerning the Subject Property; he asserted on information on belief that the notice scheduling the sale of the Subject Property on November 14, 2013, was sent to 12405 Garfield Street in South Gate, which was not his address. He also alleged that prior to the foreclosure sale he was approved for a refinance loan on the Subject Property and he offered to tender all consideration furnished by the buyer of the Subject Property.

---

[1]     Undesignated statutory citations that follow are to the Civil Code.

3

Upside demurred to the complaint, contending each of the alleged causes of action failed to state facts sufficient to constitute a valid claim. The trial court agreed and denied Palacios leave to amend on the first (Truth in Lending Act), fourth (declaratory relief), and fifth (injunctive relief) causes action.

The trial court granted leave to amend as to the other causes of action. On the second cause of action, for wrongful foreclosure in violation of section 2924, the trial court observed that "it appears that plaintiff ha[d] actual notice of the defaults and the impending sale (a fact not denied in [plaintiff's] opposition)."[2] The court explained that a borrower must allege actual prejudice from asserted defects in notice and granted Palacios leave to amend to permit him to allege the requisite prejudice. On the third cause of action, for unfair business practices, the court concluded that plaintiff could not establish a cause of action predicated on sections 2923.5 or 1695 because those statutes were inapplicable. The court believed Palacios's ability to state a claim based on other predicate statutory violations was unclear, but it granted leave to amend to provide him with an opportunity to do so. Finally, on the sixth and seventh causes of action, for cancellation of deed and quiet title, the trial court found that the allegations in the complaint did not support the relief sought, namely the request based on law or equity to void the sale of the Subject Property. The court granted plaintiff an opportunity to amend and cure the defect because "the subject demurrer is the first challenge to the pleading."

C.    *The First Amended Complaint*

Palacios filed a First Amended Complaint (the Amended Complaint) that re-stated his claims for (1) Violation of section 2924; (2) Violation of Business and Professions Code, section 17200 et seq.; (3) Cancellation of Deed; and (4) Quiet Title.

---

[2]    The papers filed by Upside in connection with its demurrer to the complaint, including a request for judicial notice of the recorded notices and certain of Palacios's bankruptcy filings, argued that Palacios's filing for bankruptcy the day before the first scheduled trustee sale on June 21, 2012, demonstrated that he had actual notice of the date of the sale.

4

Palacios added paragraphs 17 and 18 to the Amended Complaint in an effort to allege prejudice:

> 17. Defendant's failure to give the Plaintiff any notice of the notice of default and election to sell has resulted in the Plaintiff suffering severe prejudice because if the Plaintiff had notice of the recordation of the notice of default or the notice of trustee sale or that Defendants were planning to conduct a foreclosure sale on the subject property, Plaintiff would [have] obtained a loan to pay off the balloon payment and saved the property from foreclosure. (See preapproved for the full amount to pay off the loan attached hereto as Exhibit "5").

> 18. Defendant's failure to give the Plaintiff any notice of the notice of default and election to sell has resulted in the Plaintiff suffering severe prejudice because if the Plaintiff had notice of the recordation of the notice of default or the notice of trustee sale or that Defendants were planning to conduct a foreclosure sale on the subject property, Plaintiff would have immediately filed a chapter 13 Bankruptcy and a motion to re-impose stay on the subject property to save the property from foreclosure.[3]

Despite these allegations of prejudice, the Amended Complaint expressly stated that Palacios filed for chapter 13 bankruptcy "[o]n or about June 20, 2012" (the day before the first scheduled sale date) "in an effort to save the subject property from foreclosure."

As to his Business and Professions Code section 17200 claim, Palacios did not allege any new predicate statutory violations. Instead, he eliminated the allegations in the original complaint regarding section 2923.5, which the trial court found inapplicable, and generally asserted that Upside had not complied with "section 2924, et seq" because it did not provide "the necessary notices" and "fail[ed] to comply with the statutory requirements of service, posting, publication and recordation of the notice of substitution of trustee."

Palacios's allegations pertaining to the sixth and seventh causes of action for cancellation of deed and quiet title were largely unchanged in the Amended Complaint. Both causes of action continued to rely on allegations that Upside failed to comply with

---

[3] Additional paragraphs in the portions of the Amended Complaint setting forth the causes of action repeated the substance of these prejudice claims.

5

section 2924 because Palacios was not served with the notice of default and the notice of trustee sale for the Subject Property.

        D.      *The Trial Court Sustains Upside's Demurrer to the Amended Complaint without Leave to Amend*

Upside demurred to the Amended Complaint and argued Palacios had failed to cure the deficiencies the trial court identified in the original complaint. Upside argued that Palacios's filing for bankruptcy the day before the originally scheduled foreclosure sale date demonstrated that he had actual notice of the impending sale. Upside also cited authority for the proposition that no further notice is due a property owner when a continued trustee's sale follows termination of an automatic bankruptcy stay. (See *Tully v. World Savings & Loan Assn.* (1997) 56 Cal.App.4th 654 (*Tully*).) Upside further contended the documents filed in Palacios's bankruptcy actions undermined Palacios's claim that the lack of proper notice prevented him from paying off the balloon payment due on the loan prior to foreclosure. Upside explained that Palacios's bankruptcy filings had delayed the sale of the subject property for months but Palacios had been unable to make loan payments under the reorganization plan established by the bankruptcy court. As to the other causes of action in the Amended Complaint, Upside contended that Palacios continued to fail to state a valid claim and asked the court to sustain the demurrer without further leave to amend.

Palacios opposed Upside's demurrer. His opposition brief asked for further leave to amend if the trial court found he had not properly plead facts to support the asserted causes of action in the Amended Complaint. Palacios did not, however, submit a proposed Second Amended Complaint nor did he explain how he would amend the pleading with new facts that would be sufficient to state a claim.

The trial court sustained Upside's demurrer and denied leave to amend.[4]  The trial court accepted Palacios's allegation that he was not served with any notice of sale for the Subject Property but concluded he still had not sufficiently alleged the requisite prejudice to state a claim under section 2924.  The trial court found that Palacios's allegations of prejudice—the claim that he lost his opportunity to pay off the amount due on the loan or to file another bankruptcy petition and seek a stay—were contradicted by the bankruptcy documents that the trial court judicially noticed.  The trial court further found that the remaining claims in the Amended Complaint, for unfair business practices, cancellation of deed, and quiet title, failed as a matter of law because they were predicated on defective notice for which Palacios could not show prejudice.  The trial court denied Palacios further leave to amend, concluding that there was no reasonable possibility that he could successfully amend the pleading.

The trial court subsequently dismissed the action as to Upside and Argus.  Palacios timely appealed.

## II.  DISCUSSION

Palacios does not challenge the trial court's ruling sustaining Upside's demurrer without leave to amend on the first (Truth in Lending Act), fourth (declaratory relief), and fifth (injunctive relief) causes of action in his original complaint, and we deem those causes of action abandoned.  (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9, fn. 2 (*Ram*).)  He does, however, continue to press the argument that he properly stated a claim for wrongful foreclosure based on a violation of section 2924 because he alleged Upside failed to serve him with the notice of default and notice of trustee sale concerning the Subject Property.  Although not presented in any depth, Palacios's opening brief on appeal also appears to assert that he could further amend the complaint to allege a new

---

[4]    A reporter's transcript of the hearing on Upside's demurrer to the Amended Complaint is not part of the record on appeal.  The trial court, however, issued a written ruling.

7

theory, lack of proper authority to initiate foreclosure proceedings, that would state a proper cause of action.  We conclude Palacios's arguments lack merit and therefore affirm.

### A.  *Standard of Review*

""""On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law."" (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.)  'A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground.' (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.)  In reviewing the complaint, 'we must assume the truth of all facts properly pleaded by the plaintiffs, as well as those that are judicially noticeable.' (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.)" (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153 (*Gomes*); accord, *Valbuena v. Ocwen Loan Servicing, LLC* (2015) 237 Cal.App.4th 1267, 1271.)  A court may disregard express allegations in a complaint negated by such judicially noticeable facts. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265 (*Fontenot*) [court may take judicial notice of facts that cannot reasonably be controverted, including the existence and recordation of real property records and certain matters that can be deduced from the documents]; *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052 (*Intengan*) [pleading's allegations may be disregarded if contrary to facts that are a proper subject of judicial notice].)

Where, as here, a trial court sustains a demurrer without leave to amend, we review the decision not to allow further amendment for an abuse of discretion. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 889-890.)  We decide whether there is a reasonable possibility that the defect or defects in the complaint can be cured by an

amendment; if so, the court has abused its discretion and we reverse. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 506-507 (*Jenkins*) [no abuse of discretion if it is apparent that the complaint's defects cannot be cured].)  It is a plaintiff's burden to prove that an amendment would cure the defect. (*Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1044.)

> B.    *The Trial Court Correctly Sustained Upside's Demurrer to the Amended Complaint*

California law permits nonjudicial foreclosure sales of real property; these sales provide a quick and inexpensive remedy against a debtor or trustor who breaches an obligation for which the property serves as security. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.)  "To preserve this remedy for beneficiaries while protecting the rights of borrowers, 'Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.' (*Ibid*.)  Under a deed of trust, the trustee holds title and has the authority to sell the property in the event of a default on the mortgage. (See *Haynes v. EMC Mortgage Corp.* (2012) 205 Cal.App.4th 329, 333-336.)  To initiate the foreclosure process, '[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents' must first record a notice of default. (Civ. Code, § 2924, subd. (a)(1).). . . . After three months, a notice of sale must then be published, posted, mailed, and recorded in accordance with the time limits prescribed by the statute. (§§ 2924, subd. (a)(3), 2924f.)" (*Ram, supra*, 234 Cal.App.4th at p. 10.)

The factual allegations supporting the first cause of action in the Amended Complaint for wrongful foreclosure in violation of section 2924—as well as the other three causes of action—were Palacios's contentions that Upside never served him with the notice of default recorded in February 2012 nor any notice of trustee sale for the Subject Property.  A plaintiff bringing a wrongful foreclosure suit based on a defendant's

non-compliance with the notice provisions in section 2924 et seq. must adequately allege that he or she was prejudiced by the notice deficiencies. (*Ram, supra*, 234 Cal.App.4th at p. 11 [prejudice element of cause of action met where irregularity in proceeding adversely affects borrower's ability to protect his interest in the property]; *Herrera v. Federal Nat. Mortg. Assn.* (2012) 205 Cal.App.4th 1495, 1507; *Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 700 [failure to follow procedural requirements must result in prejudice to challenge foreclosure sale].)

The Amended Complaint alleged Palacios was prejudiced in two ways by Upside's asserted failure to serve him with the notice of default and the notice of sale for the Subject Property. Palacios alleged that but for the asserted lack of notice he would have averted the foreclosure sale of the Subject Property by (1) paying off the balance due on the loan, or (2) obtaining another bankruptcy stay on the sale of the property.

The trial court was entitled to take judicial notice of Palacios's bankruptcy filings to disregard the prejudice allegations in the Amended Complaint and sustain the demurrer as to the wrongful foreclosure claim. (*Intengan, supra*, 214 Cal.App.4th at p. 1052.) But even without judicial notice of the documents, the allegations of prejudice were defeated by other allegations in Palacios's own complaint.

The facts alleged in the Amended Complaint established that Palacios had actual notice of the foreclosure sale prior to the first scheduled sale date (June 21, 2012). Specifically, the Amended Complaint stated that Palacios filed for Chapter 13 bankruptcy on June 20 "*in an effort to save the subject property from foreclosure.*" (Emphasis added.) Palacios's opening brief on appeal likewise concedes that he filed for bankruptcy on June 20, 2012, to stop the foreclosure. The concession in Palacios's complaint (and his opening brief) that he filed for bankruptcy to stop the foreclosure sale, and not for some other reason, necessarily establishes that he had actual notice of the first scheduled foreclosure sale date. And because Palacios had actual notice of Upside's intent to

10

foreclose on the Subject Property well over a year before the property was later sold,[5] the alleged failure by Upside to serve him with notices could not have prejudiced his ability to pay off the loan or otherwise avoid the foreclosure sale during the long period in which the sale was delayed.[6] (See *Tully v. World Savings & Loan Assn., supra,* 56 Cal.App.4th at p. 664 [debtors bear responsibility to remain informed about the status of their property and further notice under the nonjudicial foreclosure statutes is unnecessary after a mandatory bankruptcy stay is lifted].)

The trial court also correctly sustained Upside's demurrer to the remaining causes of action in the Amended Complaint. The unfair business practices cause of action was predicated on a violation of section 2924 for the same lack of notice alleged as part of the wrongful foreclosure claim. It likewise fails for an inability to allege prejudice from the asserted lack of notice. (*Jenkins, supra,* 216 Cal.App.4th at p. 522 [plaintiff fails to satisfy the causation prong of Business and Professions Code section 17204 if he or she would have suffered the same harm whether or not a defendant complied with the law].) The viability of the quiet title and cancellation of deed causes of action are likewise premised on the Amended Complaint's insufficient allegations concerning defective notice under the nonjudicial foreclosure statutes. (*Plastino v. Wells Fargo Bank* (N.D.Cal. 2012) 873 F.Supp.2d 1179, 1189 [request to cancel deed not a cause of action but a particular remedy dependent on a substantive basis for liability].) Furthermore, cancellation of deed and quiet title both require tender of the underlying indebtedness in order to set aside a sale. (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221

---

[5] The notice of sale that scheduled the November 14, 2013, sale date for the Subject Property was recorded on October 23, 2013. A copy of the notice was attached as an exhibit to the Amended Complaint.

[6] Moreover, the Amended Complaint expressly acknowledged that Palacios filed for bankruptcy a second time in May 2013 and that the bankruptcy was dismissed "because of his inability to pay the loan which had become due and payable." Palacios also filed for bankruptcy a third time, after the Subject Property had been sold at auction. These facts defeat Palacios's assertion that he could have paid off the loan.

11

Cal.App.4th 49, 87; see also *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 ["A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"]; *Shimpones v. Stickney* (1934) 219 Cal. 637, 649 ["It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured"].) The tender allegations in Palacios's complaint are insufficient.

C.  *There is No Basis for Granting Further Leave to Amend*

"'The burden of proving [a] reasonable possibility [of a curative amendment] falls squarely on the plaintiff.'" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citations.] Absent such a showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend." (*Cantu v. Resolution Trust Corp., supra*, 4 Cal.App.4th at p. 890; accord, *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of the pleading].)

Palacios did not file a proposed amended complaint when he opposed Upside's demurrer in the trial court. His opposition to the demurrer sought further leave to amend, but he did not explain how he could cure any defect.[7] Palacios's opening brief on appeal, however, might be read to assert a theory of liability that was not developed in the trial court. Palacios states that "the investment trust that held his loan did not have the power to foreclose because his loan had never been properly transferred to the trust."

Palacios has the burden to affirmatively plead facts demonstrating the absence of proper authority to initiate foreclosure proceedings. (*Ram, supra*, 234 Cal.App.4th at

---

[7]  Palacios has not provided a reporter's transcription of the hearing on the demurrer. We therefore have no basis to determine whether he made any showing at such a hearing regarding how he could amend the complaint to cure the deficiencies.

p. 14; *Fontenot, supra*, 198 Cal.App.4th at p. 270.) He points, however, to no specific facts that even suggest the foreclosure was effected without proper authority. Indeed, the bare assertion in his opening brief is unsupported by reasoned argument, and we reject any claim that the trial court abused its discretion in denying further leave to amend to allege such a theory.[8] (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 ["Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

### D.    *Attorneys' Fees*

On October 13, 2015, Upside filed a Motion to Recover Its Attorneys' Fees and Costs on Appeal. The motion seeks to recover attorneys' fees based on a provision in the deed of trust for the Subject Property that entitles Upside to recover such fees incurred in defending any action that affects its interests in the Subject Property. Palacios has not opposed the motion.

We grant Upside's motion; attorneys' fees and costs on appeal may be awarded pursuant to agreement. (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 637; *Hemphill v. Wright Family, LLC* (2015) 234 Cal.App.4th 911, 915.) Because the amount of fees "is a factual issue more properly considered in the first instance by the trial court on remand"

---

[8]    Palacios also includes a single sentence in his reply brief stating that "the facts pleaded were sufficient for recovery of damages under several common law causes of action such as breach of contract, negligence, defamation, conversion, unjust enrichment, interference with prospective economic gain, and even deceit and fraud, for all of which the complaint was filed 'within the applicable statute of limitations.'" We treat the point as waived. (*Badie v. Bank of America, supra*, 67 Cal.App.4th at pp. 784-785; see also *Los Angeles Memorial Coliseum Commission v. Insomniac, Inc.* (2015) 233 Cal.App.4th 803, 902 [court may reject theory of amendment raised for first time in reply brief].)

(*Lindelli v. Town of San Anselmo* (2006) 139 Cal.App.4th 1499, 1517), we remand to the trial court to make a determination as to the amount of attorneys' fees that should be awarded.

## DISPOSITION

The judgment of dismissal is affirmed. The matter is remanded to the trial court for a determination of attorneys' fees. Respondent is to recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

TURNER, P.J.

MOSK, J.

14