Filed 1/8/24  De Witte Mortgage Investors Fund v. Carradine CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DE WITTE MORTGAGE INVESTORS FUND, LLC,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SANDRA WILL CARRADINE,<br><br>        Defendant and Appellant. | B322747<br><br>(Los Angeles County<br>Super. Ct. No. 19STUD00909)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on December 19, 2023, be modified as follows:

1.  On page 15, the first sentence of footnote 5 is modified to read as follows:

> At the time De Witte filed the unlawful detainer case, the term of Carradine's claimed three-year lease had not yet expired.

2.  The sentence commencing at the bottom of page 15, line 23, with "There is" and ending at the top of page 16, line 2, with "tactical maneuver" is modified to read as follows:

> There is no evidence in the record that De Witte was actually aware of Carradine's occupancy and purported lease when it filed the action and failed to name her as a defendant as some sort of tactical maneuver.

There is no change in the judgment.  Appellant Sandra Will Carradine's petition for rehearing is denied.

_____

WEINGART, J.          CHANEY, J.          BENDIX, Acting P. J.

2

Filed 12/19/23 De Witte Mortgage Investors Fund v. Carradine CA2/1 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DE WITTE MORTGAGE INVESTORS FUND, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SANDRA WILL CARRADINE, <br><br> Defendant and Appellant. | B322747 <br><br> (Los Angeles County <br> Super. Ct. No. 19STUD00909) |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa Beaudet, Judge. Affirmed.

BASTA, Inc., Eric Post and Daniel J. Bramzon for Defendant and Appellant.

Law Office of Shalom Rubanowitz, Shalom Rubanowitz; Zarmi Law and David Zarmi for Plaintiff and Respondent.

———————————

# INTRODUCTION

Respondent De Witte Mortgage Investors Fund, LLC (De Witte)[1] acquired a property in the City of Los Angeles through foreclosure. De Witte filed an unlawful detainer action to obtain possession and named as defendants former owners of the property. Appellant Sandra Will Carradine was later added as a defendant based on an alleged tenancy in the property pursuant to a multi-year lease she had entered into with a prior owner. As to Carradine, the unlawful detainer action ended in her favor based on the court finding that De Witte's notice to quit was defective under applicable provisions of the Los Angeles Municipal Code (LAMC).

Carradine then sought attorney's fees from De Witte premised on the lease she had entered with the former owner, which provided for an award of attorney's fees to the prevailing party "[i]n any action or proceeding arising out of [the lease]." The trial court denied the motion on several grounds, one of which was that the unlawful detainer action was not based on the lease.

Carradine now appeals. She raises multiple alleged errors in the court's order denying her fees; we find one issue dispositive and thus address only it. Carradine argues the attorney's fees language in her lease encompassed the unlawful detainer proceeding against her. We disagree. In the circumstances of this particular case, the unlawful detainer action did not "aris[e]

---

[1] In its appellate brief, respondent mistakenly identifies itself as "De Witte Mortgage Investment Fund, Inc." In its complaint, respondent identified itself as "De Witte Mortgage Investors Fund, LLC."

out of" the lease as required by the contractual language. As a result, Carradine's claim for attorney's fees fails, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Foreclosure, Notice to Quit, and Unlawful Detainer Action

On October 1, 2018, De Witte acquired ownership of 2115 Kress Street (the Kress Street property) in Los Angeles through foreclosure. On October 26, 2018, De Witte served a notice to vacate and surrender possession, also known as a notice to quit, by having it posted at the Kress Street property and sent by certified mail to the property. The notice was addressed to several prior owners of the property—one of whom was an individual named Lee Wong—and also to "all other occupants in possession" of the property. The notice indicated that any former owners, and any individuals claiming an interest in the property through a former owner, had three days to vacate; any tenant of the former owner where a party to the deed of trust remained on the property had 30 days to vacate; and any tenant of the former owner "pursuant to a periodic tenancy or an expired lease" had 90 days to vacate. The notice did not specify any reason for the termination of tenancies other than the sale of the property following foreclosure.

On January 25, 2019, De Witte filed a complaint for unlawful detainer against the parties listed on the notice to quit as well as an additional limited liability company and "Doe" defendants. On March 15, 2019, the clerk entered the default of the named defendants at De Witte's request. On March 18, 2019, the court entered a default judgment in favor of De Witte against the named defendants.

3

**B.    Carradine Joins the Unlawful Detainer Action**

On April 4, 2019, after De Witte had caused a writ of possession to be executed on the Kress Street property, Carradine filed a claim of right of possession pursuant to Code of Civil Procedure section 1174.3,[2] alleging that she lived at the property under a fixed-term lease she had entered with Wong before the foreclosure.  Carradine asserted that on May 1, 2018, she had signed a three-year lease to rent the Kress Street property, which is an approximately 750 square-foot residential single-family home, and pre-paid rent of $43,200 for the first two years of the lease term.  After holding a hearing in April 2019, the court granted Carradine's claim and added her as a defendant in the unlawful detainer action.

**C.    De Witte's Motion for Summary Judgment**

On October 24, 2019, De Witte filed a summary judgment motion based on evidence that it had validly purchased the Kress Street property at a foreclosure sale and had caused a notice to quit to be served in accordance with section 1162.  Anticipating

---

[2] Unspecified statutory references are to the Code of Civil Procedure.  Section 1174.3 provides, in relevant part, "any occupant not named in the judgment for possession who occupied the premises on the date of the filing of the action may object to enforcement of the judgment against that occupant by filing a claim of right to possession as prescribed in this section." (*Id.*, subd. (a)(1).)  If a claim of right to possession is properly presented, section 1174.3 requires that a hearing be held at which the parties can present evidence, and provides that, "The court shall determine the claim to be invalid if the court determines that the claimant is an invitee, licensee, guest, or trespasser." (*Id.*, subd. (d).)

that Carradine would seek protection under section 1161b, subdivision (b), which provides that, in the event of a foreclosure, a tenant with "a fixed-term residential lease entered into before transfer of title at the foreclosure sale shall have the right to possession until the end of the lease term," De Witte contended that Carradine's lease with Wong fell within exclusions set forth in the statute for when "[t]he lease was not the result of an arms' length transaction" and when "[t]he lease requires the receipt of rent that is substantially less than fair market rent for the property." (§ 1161b, subd. (b)(3) & (4).) De Witte adduced evidence which it contended showed that Wong "was not a true owner of the [Kress Street p]roperty" and that the fair market rental rate for the property was about twice the rate provided for in the lease.

Carradine opposed the motion on five grounds. First, she contended there was a triable issue whether the notice to quit had been served as required by section 1162, averring that she was at home the day the notice was allegedly posted but was not personally served, did not see any posted notice, and did not receive a copy later by mail. Second, she contended there were triable issues whether the lease was an arms' length transaction (she claimed that she had no relationship with Wong prior to the lease) and whether the rent she had agreed to pay was a fair market rate (she claimed her rate "was a fair market rent in May 2018 for such a deteriorated property"). Third, she contended that De Witte had violated federal law by failing to investigate whether there was a tenant living at the Kress Street property before seeking to obtain possession. Fourth, she contended there was a triable issue whether she could invoke the affirmative defense of retaliatory eviction based on complaints she had made

5

to the city "about . . . habitability defects in the property."  Fifth, she contended a City of Los Angeles moratorium on "no fault" evictions protected her.

On November 6, 2019, the trial court denied the motion, finding there was a triable issue whether the notice to quit was properly served.  The court did not reach any of the other issues raised by the parties.

## D.     Carradine's Motion for Summary Judgment

On July 12, 2021, Carradine filed her own motion for summary judgment contending (1) the LAMC prohibited tenant evictions from foreclosed residential rental properties unless the eviction was for one of 14 permissible reasons prescribed in the LAMC, (2) the LAMC requires the notice to quit set forth the permissible reason(s) for the eviction, and (3) the notice to quit on which De Witte's complaint was based did not list any permissible reason to evict as required by the LAMC.

Carradine relied on former section 49.92[3] of the LAMC, which had provided, "A landlord who obtains title through [f]oreclosure to property containing [r]ental [u]nits may bring an action to recover possession of a [r]ental [u]nit on the property from a tenant whose tenancy commenced on or before the date that the landlord obtained title, only upon the grounds set forth

_____

[3] Former Section 49.92 was within article 14.1 of the LAMC, which was titled "Eviction of Tenants from Foreclosed Residential Rental Properties."  The LAMC provided that article 14.1 "shall be in effect through December 31, 2020, unless the City Council acts by ordinance to amend this Section to extend its effective period."  (LAMC, former § 49.95.)  There is no dispute that the notice to quit and unlawful detainer complaint were filed while article 14.1 was in force.

6

in Subdivision A. of Section 151.09 of this Code.  To recover possession of a [r]ental [u]nit from a tenant, the landlord must comply with all of the requirements and provisions of Section 151.09 . . . ."  (*Ibid*.)  Pursuant to LAMC section 151.09, a tenant can be evicted only for one of 14 listed reasons (*id.*, subd. (A)) and "[i]n any action to recover possession of a rental unit, the landlord shall serve on the tenant a written notice setting forth the reasons for the termination . . . ."  (*Id.*, subd. (C).)

On August 26, 2021, De Witte filed an opposition in which it argued that it was not a "landlord" under the LAMC and thus was not required to satisfy the LAMC notice requirements for eviction.  De Witte further contended that it had not received any rent from Carradine, and that the lease had expired by its own terms so that no further rent was due.  De Witte also argued that the court should strike Carradine's amended answer (which asserted the defense upon which her motion was premised) because it was not verified, and that the LAMC provisions upon which Carradine relied were inapplicable because they had expired.

## E.   The Trial Court Enters Judgment for Carradine

On September 13, 2021, the trial court granted Carradine's summary judgment motion, concluding that De Witte's notice to quit did not comply with the LAMC and this was a "complete defense" to the unlawful detainer action.  The court rejected De Witte's argument that there was no evidence of an agreement between itself and Carradine on the grounds that De Witte did not dispute that Carradine had entered into a three-year lease on

7

or about May 1, 2018, and that, upon foreclosure, De Witte became the landlord under the lease by operation of law.[4]

## F. Carradine Seeks Attorney's Fees

### 1. *Carradine's Motion for Attorney's Fees*

On November 29, 2021, Carradine moved for an award of $50,152 in attorney's fees under a clause in the lease providing that "[i]n any action or proceeding arising out of this [lease a]greement, the prevailing party between [the l]andlord and [the t]enant shall be entitled to reasonable attorney fees and costs." Carradine contended that De Witte became bound by the lease upon taking ownership of the Kress Street property. Carradine further contended, "Since [De Witte] 'stands in the shoes' of the preceding landlord, [De Witte]'s action sought a judicial determination that the lease agreement is either forfeited or terminated due to the foreclosure. This action therefore 'ar[ose] from the agreement.'" Carradine submitted the lease as an exhibit to a declaration from her attorney, Eric Post.

Carradine only sought attorney's fees attributable to work performed by Post beginning in April 2021, when Post took the case over from another attorney at his firm. Post averred that he spent 74.3 hours on the case and itemized his billing entries. Post further averred that the prevailing market hourly billing rate for an attorney with his experience and qualifications was $450.

---

[4] The court entered judgment in Carradine's favor on September 28, 2021, and De Witte appealed. We affirmed the judgment on May 24, 2023. (*De Witte Mortgage Investors Fund, LLC v. Carradine* (May 24, 2023, B317957) [nonpub. opn.].)

Based on the 74.3 hours worked by Post and a billing rate of $450 an hour, Carradine contended that she had incurred $33,435 in attorney's fees. She sought to multiply that amount by one and a half "to compensate counsel for the risks [counsel] took by taking the case on a modified contingency and for the skill and quality in the representation."

### 2.   *De Witte's Opposition*

De Witte opposed the motion, arguing that its unlawful detainer action did not arise from the lease, and that its notice to quit did not rely on any lease terms and was not directed to any tenants holding over under a fixed-term lease. It pointed out the case was resolved based on a finding that the notice to quit was defective because it did not identify a ground for eviction allowed under the LAMC.

De Witte further argued the trial court had "never determined that Carradine was a bona [f]ide [t]enant," nor "that the purported [l]ease between W[ong] and Carradine was valid." De Witte noted that there was a separate lawsuit among itself, Carradine, and the former owners of the Kress Street property, and it attached a copy of a cross-complaint it had filed in that action against Carradine which, among other things, challenged the validity of the lease. De Witte also contended that, even if it was bound by the lease, it was not bound by all provisions in the agreement, only those necessary to protect tenants from eviction. Lastly, De Witte challenged the reasonableness of the proposed billing rate, multiplier, and hours incurred on grounds not relevant to this appeal.

### 3.   *Carradine's Reply*

In her reply, Carradine argued, in part, that the validity of her lease with Wong "was implicitly litigated as part of" her

9

motion for summary judgment. Carradine further argued that De Witte had not proven the lease was invalid and had forfeited any challenge to the lease by failing to dispute the existence of the lease in opposing Carradine's motion for summary judgment. Carradine contended that, under the express language of section 1161b, subdivision (b), "all rights and obligations under the lease shall survive foreclosure," which would include the lease's attorney's fees clause.

4. *The Trial Court's Tentative Ruling and Request for Further Briefing*

Prior to the hearing on the motion, the trial court issued a tentative ruling that Carradine was not entitled to attorney's fees because the unlawful detainer action was not premised on the lease. The tentative ruling also stated, "for purposes of this motion, the validity of the purported [l]ease [a]greement has never been established in this case," and "The declaration from [Carradine's] counsel is not competent to establish the existence, let alone the validity of the purported [l]ease [a]greement because he has no personal knowledge thereof."

At the hearing, the court deferred ruling. It instead requested further briefing regarding whether its earlier orders and/or judicial admissions by De Witte established the existence and validity of the lease, and whether the court's tentative ruling to exclude the lease for purposes of the attorney's fees motion was correct.

5. *The Parties' Supplemental Briefing*

Carradine's supplemental brief pointed out that the court, in ruling on her claim of right to possession, had admitted the lease without objection and concluded that "[Carradine] showed by a preponderance of the evidence that she had a valid claim of

10

right to possession based on her lease with the prior owner." Second, Carradine argued that, by stating in her attorney's fees motion that it was based on "the [c]ourt's file," she had incorporated by reference her earlier declarations authenticating the lease. She noted that she had submitted the lease in support of her successful motion for summary judgment, and the court had overruled De Witte's objection to the lease. Third, Carradine contended that, due to the court's earlier finding on Carradine's claim of right to possession, De Witte had the burden to show the invalidity of the lease and had failed to present evidence to support such a conclusion.

De Witte's supplemental brief argued that the court's earlier ruling allowing Carradine to assert a right to possession only adjudged that Carradine had established a "colorable" right to possession (bold omitted), citing *Crescent Capital Holdings, LLC v. Motiv8 Investments, LLC* (2022) 75 Cal.App.5th Supp. 1, 4, and nothing more. De Witte also argued that, although it did not contest admissibility of the lease, it never conceded that the lease was valid and instead consistently asserted the lease was not valid or enforceable under section 1161b, subdivision (b). Lastly, De Witte submitted a judgment and trial transcript from the separate lawsuit in which the court found that Wong had intentionally and negligently interfered with De Witte's loan contracts by entering into the lease with Carradine, and was obligated to disgorge all money Wong took as rent.

In her reply brief, Carradine contended the judgment against Wong had no res judicata or collateral estoppel effect, and argued the finding that Wong acted tortiously in entering the lease did not mean that the lease was invalid or that Carradine

11

had acted inappropriately. Carradine also objected on various grounds to the evidence regarding the judgment against Wong.

### 6. *The Trial Court's Ruling*

On July 28, 2022, the court held a further hearing and denied Carradine's attorney's fees motion. The court concluded that Carradine had failed to support her motion with competent evidence of the existence and validity of the lease. In so concluding, the court noted that Carradine's attempt to introduce the lease through her counsel's declaration lacked foundation, because her counsel had no personal knowledge regarding the lease. The court also rejected Carradine's reliance on the statement in the motion that it was based on "the [c]ourt's file," because Carradine did not reference any specific document(s) in the file, which distinguished her case from the authority on which Carradine relied.

The court additionally concluded that De Witte's unlawful detainer complaint did not mention the lease and the action "[wa]s not an action to enforce or avoid enforcement [of the lease]."

Carradine timely appealed.

## DISCUSSION

Carradine contends that the trial court erred in (1) ruling that she could not recover attorney's fees under the clause in the lease because De Witte's unlawful detainer action was not premised on the lease, and (2) finding that Carradine had not submitted competent evidence of the existence and validity of the lease. For the reasons we explain below, we reject Carradine's first contention, which is dispositive of her appeal. Because the attorney's fees clause in Carradine's alleged lease did not apply to

12

De Witte's unlawful detainer action, we need not decide, and therefore do not address, whether the trial court erred in concluding that Carradine failed to support her motion with competent evidence of the existence and validity of the lease.

## A. Standard of Review

" '[I]t is a discretionary trial court decision on the propriety or amount of statutory attorney fees to be awarded, but a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo.' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

"The normal rules of appellate review apply to an order granting or denying attorney fees; i.e., the order is presumed correct, all intendments and presumptions are indulged to support the order, conflicts in the evidence are resolved in favor of the prevailing party, and the trial court's resolution of factual disputes is conclusive." (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1017.)

Finally, "It is the ruling, and not the reason for the ruling, that is reviewed on appeal." (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 906-907.)

## B. The Attorney's Fees Clause Did Not Encompass De Witte's Unlawful Detainer Action

"Under the American rule, each party to a lawsuit ordinarily pays its own attorney fees. [Citation.] . . . [S]ection 1021, which codifies this rule, provides: 'Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . .' In other words, section 1021 permits parties to ' "contract out" of the

13

American rule' by executing an agreement that allocates attorney fees.  [Citations.]"  (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC*, *supra*, 3 Cal.5th at p. 751.)

The attorney's fees clause in the lease at issue provides, in relevant part, "[i]n any action or proceeding arising out of this [lease a]greement, the prevailing party between [the l]andlord and [the t]enant shall be entitled to reasonable attorney fees and costs."  " 'Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation [of the lease's attorney fees provision].  (Civ. Code, § 1636.)  Such intent is to be inferred, if possible, solely from the written provisions of the contract.  (*Id.*, § 1639.)  The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" (*id.*, § 1644), controls judicial interpretation.  (*Id.*, § 1638.)  Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning.  [Citations.]' [Citation.]"  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.)

As De Witte's unlawful detainer lawsuit indisputably qualifies as an "action" or "proceeding" as those terms are used in the attorney's fees clause, the determinative issue is whether the unlawful detainer action "ar[o]s[e] out of" the lease.  We have addressed the meaning of " 'arising out of' " in the analogous context of arbitration clauses that provided for arbitration of " 'any controversy between the parties arising out of' " an agreement.  (*Rice v. Downs* (2016) 248 Cal.App.4th 175, 180.)  After surveying the caselaw, we found that "provisions using only phrases such as 'arising out of' or ' "arising from" ' . . . extended only to disputes relating to the interpretation and performance of

14

the agreement [citations]." (*Id.* at p. 189.) We thus concluded, "the parties intended the arbitration provision to apply to a very limited range of controversies, not ones merely connected with the . . . agreements or transactions contemplated by those agreements and certainly not all controversies between them." (*Id.* at p. 190.) Such language stands in contrast to broader " 'language such as "*any claim* arising from or *related to* this agreement" ' [citation] or ' "arising in connection with" the agreement' [citation]." (*Id.* at p. 186.)

Applying that test, De Witte's unlawful detainer action did not "aris[e] out of" Carradine's alleged lease. The action was not premised in any way on the interpretation of the lease's terms or the performance of the lease. De Witte sought in its complaint to recover possession of the property pursuant to a statute (section 1161a, subdivision (b)(3)) by virtue of obtaining title to the property through a foreclosure sale and serving a notice to quit which did not address any tenant in possession under an unexpired fixed-term lease.[5] De Witte named as defendants the prior owners of the property, and alleged that there was "no landlord/tenant relationship" between itself and those prior owners. It did not name Carradine as a defendant because it was evidently unaware that Carradine was occupying the property and claimed to have entered a fixed-term lease with Wong. There is no evidence that De Witte was actually aware of Carradine's

---

[5] At the time De Witte filed the unlawful detainer case, the term of Carradine's lease had not yet expired. By the time Carradine filed her summary judgment motion (the portion of the action for which Carradine seeks attorney's fees), her lease had expired.

occupancy and purported lease when it filed the action and failed to name her as a defendant as some sort of tactical maneuver.

Although Carradine eventually became a defendant through her claim of right to possession, that later fact does not bear on the circumstances under which the unlawful detainer action initially arose. Nor, after Carradine became a defendant, did the proceedings at issue then arise out of the lease. De Witte continued to assert its right of possession was independent of any alleged lease. The motion for summary judgment upon which Carradine ultimately prevailed (and for which she seeks to recover attorney's fees) was premised on the claim that De Witte's notice to quit was defective under the provisions of the LAMC, not on any claim by Carradine that she was entitled to possession of the Kress Street property under the lease or other issues concerning the interpretation or performance of the lease. Indeed, by the time of her summary judgment motion, the three-year purported lease term she claimed had expired.

Presumably in light of these facts, Carradine acknowledges that "the [unlawful detainer] action was not based on anything related to the [lease]." She instead contends that the unlawful detainer sounded in tort rather than in contract (*Fragomeno v. Insurance Co. of the West* (1989) 207 Cal.App.3d 822, 830-831 [unlawful detainer action arises in tort when based upon a civil wrong such as possession of property by a holdover tenant], disapproved on other grounds in *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 841 & fn. 13), and that the attorney's fees clause at issue is broad enough to apply to those tort claims. But the tort remedies sought here did not involve the interpretation or performance of the lease. Although the language of a contractual attorney's fees clause can be broad enough to apply to

16

related tort actions (see, e.g., *Santisas v. Goodin*, *supra*, 17 Cal.4th at p. 608 ["If a contractual attorney fee provision is phrased broadly enough . . . , it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims"]), the provision's language must be broad enough to encompass the specific claims at issue.

De Witte's action sought possession of the property independent of any lease, and holdover damages independent of any rent purportedly due under the lease. Those tort remedies therefore did not arise from the lease. Carradine did not claim a right to remain on the property because of any lease; she claimed De Witte failed to comply with LAMC provisions prerequisite to her being ordered off the property by way of an expedited unlawful detainer proceeding. Carradine was granted summary judgment because De Witte's notice to quit did not comply with the LAMC, and not because of any provisions in the lease. Thus, her defenses did not arise from the prior lease. Nothing in the unlawful detainer action, and certainly not Carradine's motion for summary judgment for which she sought fees, involved the interpretation or enforcement of the lease. Thus, regardless of whether it sounded in tort, the unlawful detainer action did not arise out of the lease as was required for the attorney's fee clause to apply.

Carradine presents no persuasive authority to the contrary indicating that the unlawful detainer action "ar[o]s[e] out of" the lease. Two of her cited cases involve distinguishable tort claims that did in fact arise out of the agreement containing the attorney's fees provision. (*Johnson v. Siegel* (2000) 84 Cal.App.4th 1087, 1101 [claims for recission of real estate purchase agreement and damages based on fraud and negligent

17

misrepresentation to induce the plaintiffs to enter into the contract]; *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341, 1343-1344 [causes of action for negligence, breach of fiduciary duty, concealment, and misrepresentation based on the defendants' alleged failure to properly conduct an inspection and other actions required in a purchase agreement].)[6] Two others involve much broader attorney's fees provisions that applied, in one case, " '[i]n the event legal action is instituted by . . . any party to this agreement' " (*Santisas v. Goodin, supra*, 17 Cal.4th at p. 603), and in the other, not just to any action arising out of the lease but also to " 'any action aris[ing] out of the [h]omeowner's tenancy' " (*Hemphill v. Wright Family, LLC* (2015) 234 Cal.App.4th 911, 914). The remaining two cases involve parties who did not dispute the attorney's fees provision applied to the tort claims at issue. (*Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1072 [the landlord did not argue the attorney's fees clause did not apply to the unlawful detainer action, but instead that the landlord's voluntary dismissal of that action meant there was no prevailing party entitled to fees]; *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 973 [both parties agreed the attorney's fees provision covered the claims at issue], disapproved on another ground in *Goodman v. Lozano* (2010) 47

---

**6** We also find *Xuereb* unpersuasive to the extent it suggests that a claim arises out of an agreement if, but for the agreement, there would have been no litigated controversy. (*Xuereb v. Marcus & Millichap, Inc., supra*, 3 Cal.App.4th at pp. 1343-1344.) In *Rice,* we rejected "such a simplistic, sweeping" interpretation of the phrase "aris[ing] out of." (*Rice v. Downs, supra*, 248 Cal.App.4th at pp. 192-193.)

Cal.4th 1327, 1330.) Cases are not authority for "an issue not presented by [their] own particular facts." (*McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611.)

## DISPOSITION

The trial court's order denying Carradine's motion for attorney's fees is affirmed. De Witte is awarded its costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.

BENDIX, Acting P. J.